Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHRISTINA SMITH**, <br><br> Plaintiff, <br><br> v. <br><br> **DVA RENAL HEALTHCARE, INC.**, <br><br> Defendant. | Case No. 6:24-cv-00468 <br><br> COMPLAINT <br><br> Unlawful Employment Practices <br><br> (29 U.S.C. § 201; ORS 652.140; ORS 659A.030; ORS 659A.040; ORS 659A.109; ORS 659A.112; ORS 659A.355; ORS 659A.370) <br><br> **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, punitive damages, interest, costs, disbursements, and attorney fees for herself to redress injuries done to her by Defendant, and/or its officers, employees, or agents in contravention of her

Page 1 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

state protected rights in violation of Oregon anti-discrimination and anti-retaliation laws ORS 652.140, ORS 659A.030, ORS 659A.040, ORS 659A.109, ORS 659A.112, and ORS 659A.355. Plaintiff also seeks unpaid wages, penalty wages, liquidated damages, and interest pursuant to ORS 652.140 and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Furthermore, Plaintiff seeks a civil penalty, punitive damages, costs, disbursements, and attorney fees pursuant to ORS 659A.370.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claim. Moreover, the court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

3.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant DVA Renal Healthcare, Inc. was and is at all material times herein mentioned a Tennessee corporation with its principal place of business in Denver, Colorado.

5.

Plaintiff was a resident of Beaverton, Washington County, Oregon at the beginning of her employment with Defendant until in or about July of 2022 In July of 2020, Plaintiff moved to Woodburn, Marion County, Oregon and continued living there through the end of her employment.

Page 2 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

6.

At all material times herein, Plaintiff was supervised by Defendant's management, employees, and/or agents and Plaintiff relied on the actual or apparent authority of Defendant's managers, employees, and/or agents.

7.

At all material times herein, Defendant employed six or more employees.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination, and/or for engaging in various other protected activities.

9.

Plaintiff is a female.

10.

Plaintiff suffers from a serious medical condition which affects one or more major life activity. Despite Plaintiff's disability, her perceived disabilities, and/or record of her disabilities, she was able, with or without accommodation, to perform the essential functions of her position with Defendant.

11.

Plaintiff began working as the Facility Administrator for Defendant on or about November 2, 2021 at DaVita Kidney Care in Salem, Oregon. Plaintiff performed her job duties as assigned.

12.

In or about January of 2023, Plaintiff was diagnosed with a disability. During this time, her disability caused Plaintiff to suffer from extreme light sensitivity at work that would progressively get worse during the week. By Friday, Plaintiff would feel physically ill.

Page 3 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

13.

Plaintiff disclosed that she likely had a specific disability to her manager in or about December of 2022. She informed her manager that she planned to get assessed for the disability she likely had and then would request accommodations. Her manager encouraged her to get the assessment and to file for accommodations.

14.

Plaintiff got the assessment on January 17, 2023, which she paid for out-of-pocket because it would have taken months longer to get assessed if she had gone through her insurance. The assessment cost her approximately $3,000.

15.

After the assessment, Plaintiff requested an accommodation of a hybrid work schedule—to work in the office on Mondays, Tuesdays, Thursdays, and Fridays and then work from home on Wednesdays. Plaintiff understands that other employees of Defendant worked hybrid schedules.

16.

After Plaintiff's disclosure and request for accommodations, she was treated differently. For example, after her disclosure, she was micromanaged, given the cold shoulder, subjected to unfair and false criticisms, and "called out" during meetings in front of her peers.

17.

Plaintiff's manager used the phrase "people like you" toward Plaintiff, which Plaintiff understood to mean people with her disability or people with a disability similar to Plaintiff's.

18.

At that time, Defendant had a policy that provided that if a request for accommodation was denied, within 30 days the company would put the employee in a different position if a position was available. If no position was available, the

Page 4 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

employee would be terminated. Plaintiff was unaware of this policy at the time she requested accommodations.

19.

Plaintiff's manager put Plaintiff on a performance improvement plan (hereinafter "PIP") in or about January or February 2023. Under the terms of the PIP, Plaintiff was to receive coaching from her manager every other week. Plaintiff's manager repeatedly cancelled the meeting depriving Plaintiff of the coaching Defendant told her she needed to meet the terms of the PIP. Despite Defendant's failure to comply with the requirements of the PIP, Plaintiff was meeting at least most of her goals. Plaintiff understands that some of the goals she was expected to achieve were mathematically impossible or logically improbable.

20.

Plaintiff suffered an on-the-job injury. From on or about March 29, 2023 through April 6, 2023, Plaintiff worked light duty due to the injury. Defendant failed to pay Plaintiff's wages for the period of March 29, 2023 through April 6, 2023, which amounts to approximately 56 hours of work, or $2,423.08 in wages.

21.

Defendant put Plaintiff on leave pursuant to Workers' Compensation the following week. Plaintiff remained on leave until on or about April 10, 2023, after which time she returned to work on modified duty. Plaintiff was released to work with no restrictions on or about May 15, 2023.

22.

During her employment, Plaintiff made written demands for payment of her wages for the period of March 29, 2023 through April 6, 2023. Defendant continued to fail to pay her wages for that period.

23.

Plaintiff learned from human resources (hereinafter "HR") that her manager denied Plaintiff's request for accommodation citing undue hardship. HR informed

Page 5 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

Plaintiff that she had 30 days to appeal the decision, which she did. Plaintiff also learned of Defendant's policy at this time when HR informed Plaintiff that Defendant would look for a different position for Plaintiff but if there was not a position available, she would be terminated in 30 days.

24.

Plaintiff's manager refused to discuss alternatives or to engage in the interactive process. Plaintiff felt that her manager encouraged her to request accommodations in an effort to set her up for termination under Defendant's policy.

25.

Plaintiff's accommodation was eventually approved over her manager's objection on or about May 31, 2023.

26.

After Plaintiff's accommodation was approved, Plaintiff's manager refused to discuss Plaintiff's new hybrid schedule and refused to allow her to work from home as her accommodation allowed. Plaintiff's manager stated on various occasions that Plaintiff would not be allowed to work from home and that Plaintiff was required to be in the office every day.

27.

Defendant treated women differently from men. Examples of differential treatment include but are not limited to the following:

1. Plaintiff understands that Defendant denied accommodations that she and other women have requested. Conversely, Plaintiff understands that Defendant granted accommodations for men.
2. Plaintiff requested to transfer to another facility that might be more willing to allow a hybrid work schedule. Her request was denied. Conversely, a male requested and was granted the same transfer on the basis that the facility was a "lower stress" location.

Page 6 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

3. Plaintiff's manager would take the male managers out to lunch but never took Plaintiff or the other female facility administer out to lunch.

4. A male employee called female employees "sweetie" or similar names in a derogatory manner when he was frustrated. When a female employee would tell him to stop calling her "sweetie," the male employee would continue using "sweetie" during the conversation.

5. A male employee was allowed to yell at women employees, including in front of patients.

28.

On two occasions, Plaintiff reported sexual harassment and/or hostile work environment to various male managers. When she would ask them what was going to be done, the male managers were dismissive of the complaints. For example, one manager responded, "well, that's just how they are feeling" or words to that effect, referring to the women who were being harassed. The male managers' responses led Plaintiff to believe that they would take no remedial action.

29.

After Plaintiff confirmed that the male managers did not investigate or report the sexual harassment and/or hostile work environment to HR, Plaintiff made reports to HR. HR substantiated at least one of Plaintiff's reports. Plaintiff feels that the male managers labeled Plaintiff as "difficult" after she made reports to HR.

30.

Because Defendant continued to refuse to comply with her accommodation request and she continued to experience inappropriate and offensive treatment, Plaintiff had no reasonable alternative but to resign from her position on or about June 16, 2023.

///

///

Page 7 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

31.

Plaintiff received her final paycheck on or about June 20, 2023. Plaintiff again demanded to be paid wages from the period of March 29, 2023 through April 6, 2023.

32.

On or about August 14, 2023, Plaintiff once again demanded wages for the period of March 29, 2023 through April 6, 2023 in the amount of $2,423.09. Additionally, Plaintiff demanded penalty wages in the amount of $10,384.61 and interest at a rate of 9% per annum. Defendant continues to fail to pay Plaintiff's wages and penalty wages.

33.

Following the August 14, 2023 letter, Defendant made an offer of settlement conditional upon a request to include in the agreement a provision that would prevent disclosure of factual information relating to a claim of discrimination.

### First Claim for Relief
### ORS 659A.030 – Discrimination

34.

Plaintiff realleges paragraphs 1 through 33 above as fully set forth herein.

35.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her on the basis of her sex in violation of ORS 659A.030.

36.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss

Page 8 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

37.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, anxiety, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

38.

Defendant's conduct was and is willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

39.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

40.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

## Second Claim for Relief
## ORS 659A.030 – Retaliation

41.

Plaintiff realleges paragraphs 1 through 40 above as fully set forth herein.

42.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP,

Page 9 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated ORS 659A.030.

43.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

### Third Claim for Relief
### ORS 659A.112 – Disability/Perceived Disability Discrimination

44.

Plaintiff realleges paragraphs 1 through 43 above as fully set forth herein.

45.

At all material times, Plaintiff is a qualified person with a disability as defined by ORS 659A.104.

46.

Defendant knew about Plaintiff's disability at all material times.

47.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

48.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her. Plaintiff's disability and/or perceived disability were

Page 10 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

but for causes of Defendant's adverse employment actions in violation of ORS 659A.112.

49.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Fourth Claim for Relief

### ORS 659A.109 – Disability/Perceived Disability Retaliation

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process for her medical conditions.

52.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her in violation of ORS 659A.109 for engaging in protected activity.

53.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Fifth Claim for Relief

### ORS 659A.040 – Discrimination and/or Retaliation

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

Page 11 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

55.

Defendants discriminated and/or retaliated against Plaintiff in the terms and conditions of her employment by including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her in substantial part for receiving a work-related injury and/or applying for benefits and/or invoking or utilizing the procedures provided for in ORS chapter 656.

56.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

### Sixth Claim for Relief

### ORS 659A.355 – Wage Inquiry Retaliation

57.

Plaintiff realleges paragraphs 1 through 56 above as fully set forth herein.

58.

Plaintiff inquired about, discussed, and/or disclosed her wages with Defendant and its employees; and/or made a charge, filed a complaint or instituted, or caused to be instituted, an investigation or proceeding based on the disclosure of wage information by Plaintiff.

59.

A substantial factor in Defendant's decisions to retaliate against Plaintiff, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her, was that Plaintiff engaged in protected activities alleged herein.

60.

Plaintiff realleges his damages as stated in paragraphs 36 through 40 above.

### Seventh Claim for Relief

### ORS 652.140 – Wage Claim

61.

Plaintiff re-alleges paragraphs 1 through 60 above as fully set forth herein.

62.

Defendant failed to timely pay wages for hours worked in violation of ORS 652.140, ORS 653.025, and ORS 653.261.

63.

Pursuant to ORS 652.140 and ORS 652.150, Plaintiff is entitled to penalty wages for each statutory violation.

64.

Plaintiff is entitled to 9% interest per annum on all wages and penalty wages from the date they became due until paid in full pursuant to ORS 82.010.

65.

Pursuant to ORS 652.200(2) and ORS 653.055, Plaintiff is entitled to reasonable attorney fees and costs and disbursements.

### Eighth Claim for Relief

### FLSA – Wage Claim

66.

Plaintiff realleges paragraphs 1 through 65 above as fully set forth herein.

///

///

Page 13 – COMPLAINT

67.

Defendant failed to timely pay wages for all hours worked in violation of 29 U.S.C. §§ 206, 207.

68.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount equal to Plaintiff's actual losses, including regular and overtime wages.

69.

Plaintiff is entitled to prejudgment interest on all wages from the date they became due until paid in full. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993).

70.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorney fees and costs and disbursements.

## Ninth Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

71.

Plaintiff realleges paragraphs 1 through 70 above as fully set forth herein.

72.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by subjecting her to adverse employment actions, including but not limited to subjecting her to disparate treatment, subjecting Plaintiff to unfair and false criticisms, placing Plaintiff on a PIP, micromanaging her, denying her request for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and/or constructively discharging her in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

73.

Page 14 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

74.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Tenth Claim for Relief

### ORS 659A.370 – Oregon Workplace Fairness Act

75.

Plaintiff realleges paragraphs 1 through 74 above as fully set forth herein.

76.

Defendant made an offer of settlement conditional upon a request to include in the agreement a provision that would prevent disclosure of factual information relating to a claim of discrimination in violation of ORS 659A.370.

77.

Pursuant to ORS 659A.370(5), Plaintiff is entitled to recover a civil penalty of up to $5,000.

78.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination, or from retaliating against any employee opposing unlawful employment practices or engaging in protected activities;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Liquidated damages to be determined at trial;
5. Unpaid wages in an amount to be determined at trial;

Page 15 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

6. Penalty wages to be determined at trial;

7. Prejudgment and post-judgment interest;

8. A civil penalty to be determined at trial;

9. Punitive damages in an amount to be determined at trial;

10. Reasonable costs and attorney fees; and

11. For such other and further relief as the Court may deem just and equitable.

DATED this 14th day of March, 2024.

        BAKER LAW PC

        *s/ Serena L. Liss*
        Aaron W. Baker, OSB No. 922220
        Serena L. Liss, OSB No. 154799
        Attorneys for Plaintiff

Page 16 – COMPLAINT

**BAKER LAW PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800